**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RACHEL JOHNSON, on behalf of plaintiff and the class defined herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Arnold Scott Harris, P.C. | ) ) ) |
| Defendant. | ) |

## **COMPLAINT – CLASS ACTION**

### **INTRODUCTION**

1. Plaintiff Rachel Johnson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Arnold Scott Harris, P.C. . Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### **VENUE AND JURISDICTION**

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

### **PARTIES**

5. Plaintiff Rachel Johnson is an individual who resides in the Northern District

1

of Illinois.

6. Defendant Arnold Scott Harris, P.C. is a law firm organized as an Illinois professional corporation with offices at 222 Merchandise Mart Plaza, Suite 1932, Chicago, IL 60654.

7. Defendant Arnold Scott Harris, P.C. regularly uses the mails and telephone system to collect alleged consumer debts originally owed (if at all) to others.

8. Defendant Arnold Scott Harris, P.C. is a debt collector as defined in the FDCPA.

## **FACTS**

9. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

10. On or about November 2, 2010, plaintiff received the following message on her telephone voicemail from defendant:

> Hi. This message is for Rachel Johnson. Rachel, this is Adriana calling from the offices of CRA. I'm not sure if you are aware of the situation, but I do need you or your representation to contact our office immediately. My number here Rachel is 877 704-9452. Again, Rachel I do need to hear back from you immediately at 877 704-9452.

11. Also on the same day, plaintiff received the following message on her telephone voicemail from defendant:

> Hi. This message is for Rachel Johnson. This is Mr. Shelton. Rachel, I'm calling in regards to 298322. It's very important that you or whoever you have representing you to contact this office. The number is 877 704-9452. It's very important you contact this office. The number again is 877 704-9452.

12. The number 877-704-9452 is assigned to defendant.

13. The calls did not identify the company calling or state that the calls were for debt collection purposes.

14. On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

15. Plaintiff was harassed and annoyed by defendant's anonymous messages.

## CLASS ALLEGATIONS

16. This action is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the 630 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not identify defendant or state that the call was for collection purposes (e) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

17. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

18. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's calls violate the FDCPA.

19. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

20. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

21. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

## COUNT I – FDCPA

22. Plaintiff incorporates paragraphs 1-21.

23. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

24. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035

(N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

25. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

b. The messages did not identify defendant. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

26. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

27. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading**

**made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

   (1) Statutory and actual damages;

   (2) Attorney's fees, litigation expenses and costs of suit;

   (3) Such other and further relief as the Court deems proper.


          /s/ Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

5

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)